IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PRAGNESHKUMAR PATEL, ) )  Plaintiff, ) ) vs. ) ) MICHAEL B. MUKASEY, United States ) Attorney General, et al., ) ) Defendants. ) | Case No. 07-0065-CV-W-ODS |

ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. # 14). Plaintiff asks the Court to issue a Writ of Mandamus directing the United States Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiff's Application to Adjust Status (Form I-485). For the following reasons, Plaintiff's motion is GRANTED and this matter is REMANDED to the USCIS with instructions to make a decision on Plaintiff's application within ninety (90) days.

I. BACKGROUND

Plaintiff, a citizen of India, was the beneficiary of a Petition for Alien Relative approved in May 1999. In October 2000, Plaintiff applied to adjust his status to Permanent Resident Alien, and the United States Citizenship and Immigration Service (USCIS) conducted the required interview in January 2002. Final action has not occurred, apparently because a security name check have not been completed.

Applicants seeking naturalization are subject to criminal and national security background checks to ensure they are eligible for naturalization and do not pose a risk to national security or public safety. See Pub. L. No. 105-119, Nov. 26, 1997, 111. Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446. The required

checks include a National Name Check Program administered by the FBI. Id. The FBI is currently working through a backlog of name checks that has resulted in significant delays in processing some requests. Apparently, the USCIS has advised Plaintiff that it is unable to adjudicate his application to adjust his status until the name check is completed. As a result of the delay, Plaintiff filed the present action on January 24, 2007 seeking a Writ of Mandamus directing that his application be adjudicated. Pending is Plaintiff's Motion for Summary Judgment. Defendants do not really oppose the motion; instead, they ask that the Court "remand this matter to the USCIS so that the case may be adjudicated upon receipt of the FBI's expedited name check" and thus effectively ask the Court to do the same thing Plaintiff requests. Despite this seeming agreement, Plaintiff is concerned that "Defendants have provided no evidence to support that the name check is the cause of the continued delay."

In researching the matter, the Court encountered a previously-unmentioned difficulty; namely, ascertaining the source of the requirement that a name check be performed. As indicated, the name check is required as part of an application for citizenship – but Plaintiff is not applying for citizenship. None of the parties have identified a legal requirement that a name check be performed by the FBI before a resident alien's status is adjusted, and other courts searching for the requirement have been unable to find one. E.g., Mohammed v. Frazier, 2008 WL 360778 (D. Minn. Feb. 8, 2008). While there is nothing prohibiting USCIS from obtaining such a check, there also appears to be nothing requiring it.

Regardless, Plaintiff's application has been pending for over seven years. He does not seek review of a ruling on his application: he seeks a ruling on his application. There is no need to detail the statutes and regulations dictating that a ruling be rendered or the Court's legal authority to order Defendants to do the things they are required by law to do: Defendants have effectively conceded as such by not opposing Plaintiff's arguments. Regardless of the reasons for the delay, the Court is not confident a ruling will be issued absent a firm deadline set by the Court. Therefore, the Court REMANDS this matter to the USCIS with instructions to make a decision on Plaintiff's application within ninety (90) days. If USCIS wishes to use some of that time to wait for

a completed background check from the FBI that is fine; however, this will not extend the deadline for USCIS to take final action on Plaintiff's application.
IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
DATE: May 22, 2008                    UNITED STATES DISTRICT COURT